T.C. Memo. 2017-118

UNITED STATES TAX COURT

JAMIE OSTROM, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24268-15.                    Filed June 19, 2017.

Jamie Ostrom, pro se.

<u>Fred Edward Green, Jr.</u>, and <u>Ric D. Hulshoff</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined a deficiency of $2,475 in

petitioner's Federal income tax for 2011.  After concessions, the sole remaining

issue for decision is whether petitioner was a real estate professional in 2011.  All

section references are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*2]                    FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Nevada at the time she filed her petition.

During 2011 petitioner worked full time at One Nevada Credit Union (ONCU) as an information technology specialist. She worked about 40 hours per week at ONCU. On her 2011 tax return, petitioner reported wages of $68,879.

In 2011 petitioner owned four single-family residential properties in Las Vegas, Nevada. Petitioner rented out and managed these properties herself. She reported income and expenses for each on Schedule E, Supplemental Income and Loss, attached to her 2011 return. On the Schedule E, she reported net losses from the rental activities of $40,968, the full amount of which she claimed as a deduction against other income on her 2011 return. Petitioner did not elect to group her interests in the rental properties as a single rental real estate activity in 2011.

On September 13, 2011, the Nevada Department of Business and Industry, Real Estate Division, issued petitioner a license to provide services as a real estate broker salesperson. Petitioner activated her real estate license with Forty Percent Real Estate Referral Co. (Forty Percent). Although she was associated with Forty

**[*3]** Percent as of August 26, 2011, petitioner did not report any income from activities performed as a real estate agent in that year. In December 2014 Forty Percent closed its brokerage and reopened as a new business named Key Advantage Realty (Key Advantage).

Petitioner reported gambling winnings of $94,000 on her 2011 return. Her gambling losses equaled or exceeded her winnings. During 2011 petitioner gambled on at least 82 days at the Hard Rock Casino. Her records indicate that she gambled on at least 70 days at other locations.

OPINION

Respondent determined that petitioner's net loss from rental activities for 2011 was a passive activity loss. Respondent also determined that petitioner actively participated in her rental activities and that she could offset up to $25,000 of the rental activity loss against nonpassive income for 2011. Petitioner contends that she is a real estate professional and that she is entitled to offset the entire loss.

Generally, taxpayers bear the burden of proving that the adjustments set forth in the Commissioner's notice of deficiency are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Specifically, taxpayers must prove their entitlement to claimed deductions. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

**[*4]** Taxpayers bear the burden of maintaining the records needed to establish their entitlement. See sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976).

Taxpayers are allowed deductions for certain business and investment expenses under sections 162 and 212. Section 469, however, generally disallows any passive activity loss. Sec. 469(a). A passive activity loss is defined as the excess of the aggregate losses from all passive activities for the taxable year over the aggregate income from all passive activities for that year. Sec. 469(d)(1). A passive activity is any trade or business in which the taxpayer does not materially participate. Sec. 469(c)(1). Material participation is defined as involvement in the operations of the activity that is regular, continuous, and substantial. Sec. 469(h)(1).

Rental activity is generally treated as a per se passive activity regardless of whether the taxpayer materially participates. Sec. 469(c)(2), (4). However, section 469(c)(7) provides that the rental activities of a taxpayer in the real property business (real estate professional) are not per se passive activities under section 469(c)(2), but are treated as a trade or business and subject to the material participation requirement of section 469(c)(1). See sec. 1.469-9(e)(1), Income Tax Regs. Thus a taxpayer who qualifies as a real estate professional under section

[*5] 469(c)(7) may deduct losses from rental activity against other income provided that he or she materially participates in the activity. A taxpayer qualifies as a real estate professional if: (1) more than one-half of the personal services performed in trades or businesses by the taxpayer during the taxable year are performed in real property trades or businesses in which the taxpayer materially participates and (2) the taxpayer performs more than 750 hours of services during the taxable year in real property trades or businesses in which the taxpayer materially participates. Sec. 469(c)(7)(B)(i) and (ii).

A real property trade or business is any real property development, redevelopment, construction, reconstruction, acquisition, conversion, rental, operation, management, leasing, or brokerage trade or business. Sec. 469(c)(7)(C). A trade or business includes a taxpayer's status as an employee. See Fowler v. Commissioner, T.C. Memo. 2002-223. However, in computing the number of hours that a taxpayer performs services in real property trades or businesses during the taxable year, personal services performed as an employee shall not be taken into account unless the employee is also a 5% owner in the employer. Sec. 469(c)(7)(D)(ii).

All of the taxpayer's real property trades or businesses are taken into account in determining whether the 50% and 750-hour requirements are satisfied.

[*6] See Hailstock v. Commissioner, T.C. Memo. 2016-146, at *17; Almquist v. Commissioner, T.C. Memo. 2014-40, at *11. However, only those real property trades or businesses in which the taxpayer materially participates are counted towards meeting the requirements. See Hailstock v. Commissioner, T.C. Memo. 2016-146, at *17-*18. A taxpayer's material participation is determined separately with respect to each rental property that he or she owns, unless the taxpayer makes an election to treat all interests in rental real estate as a single rental real estate activity. Sec. 469(c)(7)(A); sec. 1.469-9(e)(1), Income Tax Regs. Although petitioner failed to make such an election for 2011, respondent concedes that petitioner materially participated in the rental activity with respect to each of her four rental properties in 2011, because her participation constituted substantially all of the participation in each activity. See sec. 1.469-5T(a)(2), Temporary Income Tax Regs., 53 Fed. Reg. 5725 (Feb. 25, 1988).

Respondent maintains that petitioner's rental activities were passive activities under the per se rule of section 469(c)(2), because she failed to establish that she was a real estate professional in 2011. Petitioner bears the burden of proving that in 2011 she met the criteria under section 469(c)(7)(B).

Generally, a taxpayer may establish the extent of his or her participation in an activity by "any reasonable means". Sec. 1.469-5T(f)(4), Temporary Income

**[*7]** Tax Regs., 53 Fed. Reg. 5727 (Feb. 25, 1988). Contemporaneous records are not necessarily required, and reasonable means may include identifying services performed over a period of time and the approximate number of hours spent performing such services by using appointment books, calendars, or other narrative summaries. Id. This Court has previously noted that while the regulations are somewhat ambiguous concerning the records to be maintained by taxpayers, we are not required to accept a postevent "ballpark guesstimate" or taxpayers' unverified, undocumented testimony. See Moss v. Commissioner, 135 T.C. 365, 369 (2010); Hoskins v. Commissioner, T.C. Memo. 2013-36.

To meet her burden, petitioner must establish that she spent more time working in real property trades or businesses than working in other trades or businesses. See sec. 469(c)(7)(B)(i). During 2011 petitioner was employed full time at ONCU as an information technology specialist. She testified that ONCU had a "real estate division" and that she would "do whatever they ask[ed] * * * if they needed help with that". Petitioner provided no credible evidence to support the implication that she performed services in the nature of a real property trade or business in the course of her employment at ONCU. In any event, petitioner performed services as an employee and nothing in the record suggests that she held an ownership interest in ONCU. See sec. 469(c)(7)(D)(ii). Thus her time at

[*8] ONCU must be overcome by a showing that she performed more personal services in real property trades or businesses than in her employment services at ONCU, and her time spent there cannot count towards the 750-hour requirement of section 469(c)(7)(B)(i).

The services that petitioner performed in leasing and managing her rental properties in 2011 were performed in real property trades or businesses in which she materially participated. To the extent petitioner establishes her participation by reasonable means, the hours she spent on these activities may be taken into account in determining whether she qualifies as a real estate professional under section 469(c)(7)(B). Petitioner contends that she also worked as a real estate agent with Forty Percent in 2011 and that the services she performed as a real estate agent should count towards meeting the requirements of section 469(c)(7)(B).

We are not bound to accept testimony that is improbable, unreasonable, or questionable. Ruark v. Commissioner, 449 F.2d 311, 312 (9th Cir. 1971), aff'g T.C. Memo. 1969-48. The calendars that petitioner provided report that she performed services for "Key Real Estate" in January and June of 2011 although the company was known as Forty Percent until December 2014 and Key Advantage was established in 2015. Petitioner testified generally that she showed

[*9] rental properties to potential clients and performed property management services for Forty Percent, but her tax return does not reflect income received for any such services. There is no evidence that any services that she may have performed for Forty Percent in 2011 were services performed other than as an employee or that she materially participated in that business.

Petitioner provided at different times during examination an annual log sheet and two monthly calendars that purported to reflect the number of hours she spent performing services for her own rental properties and as a real estate agent for Forty Percent. The log sheet reports that she spent a total of 2,396 hours working on her rental properties and as a real estate agent in 2011. The calendars report that for the months of January and June 2011 petitioner worked on these sets of activities for a combined total of 260 hours per month, which she extrapolates to 3,120 hours for the whole year. At trial, petitioner testified that her work "as a real estate professional" actually exceeded 4,000 hours per year.

Petitioner's evidence and her testimony were inconsistent regarding the number of hours she worked in real property trades or businesses during 2011, and there are other factors that lead us to doubt the reliability of the records she presented. Both the log sheet and the calendars provide only generic and repetitious descriptions of the types of services she performed. In both documents,

**[*10]** she frequently fails to specify whether she performed the services for her own rental properties or as a real estate agent for Forty Percent. This is problematic, since petitioner has failed to establish that hours attributable to services she performed for Forty Percent should be counted towards meeting the requirements of section 469(c)(7)(B).

The numbers of hours that petitioner claims she spent on tasks shown on the log sheet and the calendars are improbable. The hours reportedly spent on real property related activities are always the same, regardless of the date or the specific tasks performed. Petitioner's claimed hours appear excessive and are unrealistic given what is known about her other activities. She spent approximately eight hours each weekday at her full-time job at ONCU, and she gambled extensively in 2011. In addition to these time-consuming activities, petitioner contends that she spent between 6.5 and 11 hours every single day of the year performing services in real property trades or businesses.

When asked whether she prepared the calendars contemporaneously or in response to requests made in 2016, petitioner's testimony was evasive. She testified that she prepared the calendars using "originals" that she kept during 2011. She never provided copies of any purported original documents.

**[\*11]** On consideration of the entire record, we do not accept petitioners' claims as to the hours she devoted to real property trades or businesses. She has not shown that she met either requirement of section 469(c)(7)(B) and has failed to meet her burden of proving that she qualified as a real estate professional in 2011.

Any contentions we have not addressed are moot, irrelevant, or without merit. To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.