# United States Tax Court

T.C. Summary Opinion 2023-12

ROBERT L. DROCELLA AND PAMELA M. DROCELLA,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 6538-21S.                           Filed April 3, 2023.

————

Robert L. Drocella and Pamela M. Drocella, pro sese.

*David A. Indek*, *Nancy M. Gilmore*, and *Jared J. Jones*, for respondent.

## SUMMARY OPINION

LEYDEN, *Special Trial Judge*: This case was submitted pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the Petition was filed.[1] Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

After a concession,[2] the sole issue for decision is whether under the passive loss rules in section 469 petitioners cannot deduct certain losses with respect to their rental real estate for 2018.

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Respondent concedes that petitioners are not liable for the section 6662(a) accuracy-related penalty.

*Background*

The parties submitted this case fully stipulated pursuant to Rule 122. Petitioners resided in Maryland when they timely filed their Petition.

During 2018 petitioner husband was employed full time by Northrup Grumman Systems Corp., and petitioner wife was employed full time by the U.S. Department of Defense. Petitioners did not provide the exact number of hours they worked as employees in 2018 but rather stipulated that they worked for their respective employers full time. In addition to their employment petitioners owned and managed six rental real estate properties during 2018. They worked renting, renovating the properties, and handling issues with guests and tenants. The parties stipulated handwritten logs containing dates, times, and notations as to whether petitioner husband, petitioner wife, or both performed work as to a property. The parties did not stipulate as to the truth or falsity of those logs. The logs list hours attributable to petitioner husband, petitioner wife, or both from January 14 through November 13, 2018. The total listed hours equal 1,501.27. The hours listed on the logs that bear petitioner husband's first name initial exceed 750, but the total hours listed on the logs that bear petitioner wife's first name initial do not equal or exceed 750.

Petitioners timely filed a joint federal income tax return reporting an adjusted gross income (AGI) of $160,627. Their tax return included a Schedule E, Supplemental Income and Loss, on which petitioners reported expenses related to their six rental properties. On that return petitioners claimed a rental real estate loss deduction of $62,983.

On February 9, 2021, the Internal Revenue Service (IRS)[3] sent petitioners a notice of deficiency disallowing their claimed rental real estate loss deduction because the IRS did not receive a response to its request for supporting information to demonstrate the loss.

*Discussion*

Petitioners assert that their activity log supports their position that they are entitled to deduct their rental real estate loss. Respondent

---

[3] The Court uses the term "IRS" to refer to administrative actions taken outside of these proceedings. The Court uses the term "respondent" to refer to the Commissioner of Internal Revenue, who is the head of the IRS and is respondent in this case, and to refer to actions taken in connection with this case.

contends that petitioners are not entitled to deduct the loss because petitioners do not qualify as real estate professionals under the passive activity loss rules. *See* I.R.C. § 469(c)(7). The Court agrees with respondent that petitioners do not qualify as real estate professionals; therefore, they may not deduct the rental real estate loss.

I.   *Burden of Proof*

While the parties submitted this case for decision under Rule 122(a), such a submission "does not alter the burden of proof, or the requirements otherwise applicable with respect to adducing proof, or the effect of failure of proof." Rule 122(b).

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is in error. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and taxpayers bear the burden of proving that they are entitled to any deduction claimed. *See* Rule 142(a); *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934). Under section 7491(a), the burden of proof may shift to the Commissioner if the taxpayers produce credible evidence with respect to any relevant factual issue and meet other requirements. Petitioners have not argued that section 7491(a) applies, and therefore the burden of proof remains with them.

II.   *Petitioners' Rental Real Estate Loss*

Sections 162 and 212 generally allow a taxpayer to deduct ordinary and necessary expenses paid or incurred in carrying on a trade or business or for the production of income. Taxpayers must maintain adequate records to substantiate the amounts of any deductions. *See* I.R.C. § 6001; *Higbee v. Commissioner*, 116 T.C. 438, 440 (2001); Treas. Reg. § 1.6001-1(a).

In the case of an individual, section 469 generally disallows any current deduction for a passive activity loss. I.R.C. § 469(a)(1), (b). The effect of the passive activity loss disallowance rule is that deductions related to passive activities are allowed against income from the passive activities, and the excess (i.e., the amount by which the deductions related to the passive activities exceed the income from passive activities) cannot be deducted from income from activities other than passive activities. *See Krukowski v. Commissioner*, 279 F.3d 547, 549 (7th Cir. 2002), *aff'g* 114 T.C. 366 (2000). Generally, a passive activity

is any trade or business in which the taxpayer does not materially participate. *See* I.R.C. § 469(a)(1), (c)(1). Rental activity is passive unless the taxpayer qualifies as a real estate professional as defined in section 469(c)(7)(B). I.R.C. § 469(c)(2).

If the taxpayer meets the definition of a real estate professional, then section 469(c)(2) does not apply, and the taxpayer's rental real estate activity, if conducted as a trade or business or for the production of income, is not treated as a passive activity if the taxpayer materially participates in the activity. I.R.C. § 469(c)(1); *Fowler v. Commissioner*, T.C. Memo. 2002-223, slip op. at 10–11; Treas. Reg. § 1.469-9(e).

The Court concludes that neither petitioner has met the requirements for being a real estate professional under section 469(c)(7)(B) and thus does not address the definition of "material participation" in section 469(h).

Section 469(c)(7)(B) provides two conjunctive tests that a taxpayer must satisfy to be described as a real estate professional. A taxpayer qualifies as a real estate professional if:

>   (i) more than one-half of the personal services performed in trades and businesses by the taxpayer during such taxable year are performed in real property trades or businesses in which the taxpayer materially participates, and
>   (ii) such taxpayer performs more than 750 hours of services during the taxable year in real property trades or businesses in which the taxpayer materially participates.

I.R.C. § 469(c)(7)(B).

In the case of a joint return the above requirements are satisfied if either spouse separately satisfies these requirements. I.R.C. § 469(c)(7)(B). A trade or business includes a taxpayer's status as an employee. *See Ostrom v. Commissioner*, T.C. Memo. 2017-118, at \*5; *Fowler v. Commissioner*, T.C. Memo. 2002-223.

Both petitioners were full-time employees. However, neither petitioner has provided the number of hours he or she performed as an employee. Assuming without finding that petitioners also performed

personal services with respect to their rental real estate activities,[4] petitioners cannot prove that more than one-half of either petitioner's total personal services performed in trades and businesses were performed on their rental real estate activities during that year. *See* I.R.C. § 469(c)(7)(B). Consequently, petitioners have failed to sustain their burden to prove either petitioner meets the description of a real estate professional under section 469(c)(7)(B).

Thus, failing the first prong of the section 469(c)(7)(B) test, petitioners are not entitled to deduct the rental real estate loss for 2018, and the Court need not address the reasonableness of the logs and whether either petitioner performed more than 750 hours of services during the taxable year in real property trades or businesses in which he or she materially participated.

To reflect the foregoing,

*Decision will be entered for respondent as to the deficiency and for petitioners as to the accuracy-related penalty under section 6662(a).*

---

[4] Another exception to the general rule that rental real estate activities are per se passive is found in section 469(i), which provides that a taxpayer who actively participates in rental real estate activities may deduct up to $25,000 per year for related passive activity losses. I.R.C. § 469(i)(1) and (2). The deduction is phased out completely if a taxpayer's adjusted gross income exceeds $150,000. I.R.C. § 469(i)(3). Generally, spouses filing a joint return for a taxable year shall be treated for that year as one taxpayer for purposes of section 469, including the AGI dollar limitation of this phaseout. *See Sharma v. Commissioner*, T.C. Memo. 2020-147, at *5; Temp. Treas. Reg. § 1.469-1T(j). Neither petitioners nor respondent raised this exception. Further, the Court notes that the parties have stipulated that petitioners' AGI for 2018 was $160,627.