# United States Tax Court

T.C. Summary Opinion 2024-13

TIMOTHY L. FORADIS AND JESSICA L. MOORE,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 13942-23S.                    Filed July 11, 2024.

————

Timothy L. Foradis and Jessica L. Moore, pro sese.

*David L. Wisdom* and *Louis H. Hill*, for respondent.


SUMMARY OPINION

LEYDEN, *Special Trial Judge*:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

The sole issue for decision is whether under the passive loss rules in section 469 petitioners can deduct certain losses with respect to their rental real estate activity in 2020.  The Court concludes they cannot.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C.), in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

*Background*

Some of the facts have been stipulated and are so found. The First Stipulation of Facts consisting of paragraphs 1 through 15 and Exhibits 1-J through 6-J is incorporated herein by this reference. At trial petitioner moved to admit into evidence Exhibits 7-P through 11-P. Respondent did not object, and the Court admitted those Exhibits into evidence. Petitioners resided in Ohio when the Petition was filed.

I.   *2020 Tax Return*

Petitioners filed a 2020 joint federal income tax return, prepared by a tax return preparer, that consisted of (1) Form 1040, U.S. Individual Income Tax Return, (2) Form 4562, Depreciation and Amortization (Including Information on Listed Property), (3) Form 8995, Qualified Business Income Deduction Simplified Computation, (4) Schedule 1, Additional Income and Adjustments to Income, (5) Schedule 3, Additional Credits and Payments, and (6) Schedule E, Supplemental Income and Loss. On the Schedule E petitioners reported rents received of $875, claimed deductions for mortgage interest of $6,729, and claimed a depreciation expense deduction of $16,522. As a result petitioners claimed a rental real estate loss deduction of $22,376.

II.   *Petitioners' Employment and Rental Real Estate Activity*

In 2020 Ms. Moore earned wage income of $82,873 and worked approximately 40 hours a week during the entire year as a full-time employee. In 2020 Mr. Foradis earned wage income of $78,501 and worked approximately 40 hours a week during the entire year as a full-time employee.

Petitioners decided to build a new building that they would rent out. During 2018 they received a building permit from their city of residence allowing them to build what they refer to as "the carriage house." During 2020, while he was working full time, Mr. Foradis found time to construct the carriage house. He hired persons to do the work he was not capable of doing. Ms. Moore did not work on constructing or renting the carriage house. After petitioners built the carriage house, Mr. Foradis hired a rental management company on October 1, 2020, to manage the carriage house rental, including cleaning, vetting prospective tenants, and providing security. Petitioners rented out the carriage house as a short-term rental property beginning in October 2020.

III.   *Examination and Notice of Deficiency*

The Internal Revenue Service (IRS)[2] commenced an examination of petitioners' 2020 joint federal income tax return in October 2022. On June 6, 2023, the IRS issued petitioners a notice of deficiency disallowing the $22,376 rental real estate loss deduction. The IRS also made a computational adjustment to petitioners' claimed student loan interest deduction and determined a deficiency of $4,953.

*Discussion*

I.   *Burden of Proof*

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is in error. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and a taxpayer bears the burden of proving that he or she is entitled to any deduction claimed. *See* Rule 142(a); *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934). Under section 7491(a), the burden of proof may shift to the Commissioner if the taxpayer produces credible evidence with respect to any relevant factual issue and meets other requirements. Petitioners have not argued or established that section 7491(a) applies, and therefore the burden of proof remains with them.

II.   *Petitioners' Rental Real Estate Loss*

Sections 162 and 212 generally allow a taxpayer to deduct ordinary and necessary expenses paid or incurred in carrying on a trade or business or for the production of income. A taxpayer must maintain adequate records to substantiate the amounts of any deductions. *See* I.R.C. § 6001; *Higbee v. Commissioner*, 116 T.C. 438, 440 (2001); Treas. Reg. § 1.6001-1(a).

In the case of an individual section 469 generally disallows any current deduction for a passive activity loss. I.R.C. § 469(a)(1), (b). The effect of the passive activity loss disallowance rule is that a deduction related to a passive activity is allowed against income from the passive

---

[2] The Court uses the term "IRS" to refer to administrative actions taken outside of these proceedings. The Court uses the term "respondent" to refer to the Commissioner of Internal Revenue, who is the head of the IRS and is respondent in this case, and to refer to actions taken in connection with this case.

activity, and the excess (i.e., the amount by which the deduction related to the passive activity exceeds the income from the passive activity) cannot be deducted from income from activities other than the passive activity. *See Krukowski v. Commissioner*, 279 F.3d 547, 549 (7th Cir. 2002), *aff'g* 114 T.C. 366 (2000). Generally, a passive activity is any trade or business in which the taxpayer does not materially participate. *See* I.R.C. § 469(a)(1), (c)(1). Rental activity is passive unless the taxpayer qualifies as a real estate professional as defined in section 469(c)(7)(B). I.R.C. § 469(c)(2).

If a taxpayer meets the definition of a real estate professional, then section 469(c)(2) does not apply, and the taxpayer's rental real estate activity, if conducted as a trade or business or for the production of income, is not treated as a passive activity if the taxpayer materially participates in the activity. I.R.C. § 469(c)(1); *Fowler v. Commissioner*, T.C. Memo. 2002-223, slip op. at 10–11; Treas. Reg. § 1.469-9(e).

Section 469(c)(7)(B) provides two conjunctive tests that a taxpayer must satisfy to qualify as a real estate professional. A taxpayer qualifies as a real estate professional if:

> (i) more than one-half of the personal services performed in trades or businesses by the taxpayer during such taxable year are performed in real property trades or businesses in which the taxpayer materially participates, and
> (ii) such taxpayer performs more than 750 hours of services during the taxable year in real property trades or businesses in which the taxpayer materially participates.

I.R.C. § 469(c)(7)(B).

Petitioners will not be entitled to deduct the loss from their rental real estate activity if they fail to satisfy either of the section 469(c)(7)(B) tests.

In the case of a joint federal income tax return the above requirements are satisfied if either spouse separately satisfies these requirements. I.R.C. § 469(c)(7)(B). Petitioners, however, assert that only Mr. Foradis is a real estate professional.

A trade or business includes a taxpayer's status as an employee. *See Ostrom v. Commissioner*, T.C. Memo. 2017-118, at *5; *Fowler*, T.C. Memo. 2002-223, slip op. at 13.

Mr. Foradis worked approximately 40 hours each week as a full-time employee, and he testified that he took two weeks of vacation. Assuming this is true, Mr. Foradis worked as an employee full time approximately 2,000 hours during 2020.

Mr. Foradis testified that he spent approximately 2,500 hours constructing the carriage house in 2020. He testified that he constructed the carriage house after work and on the weekends, as well as during two weeks of vacation from his full-time job. While the Court believes that Mr. Foradis spent a lot of time constructing the carriage house, it does not find it credible that Mr. Foradis spent more hours constructing the carriage house than he did at his full-time job. The Court finds it implausible that Mr. Foradis, as he asserts, would work 40 hours each week at a full-time job and at the same time work about an additional 48 hours each week constructing the carriage house. *See Tokarski v. Commissioner*, 87 T.C. 74, 77 (1986) ( "[W]e are not required to accept the self-serving testimony of [a taxpayer] . . . as gospel.").

Assuming, without finding, that Mr. Foradis also performed personal services with respect to petitioners' rental real estate activity, petitioners cannot prove that Mr. Foradis spent more than one-half of his total personal services performed in trades and businesses on his rental real estate activity during 2020. *See* I.R.C. § 469(c)(7)(B). Thus, because Mr. Foradis failed the first of the section 469(c)(7)(B) tests, petitioners are not entitled to deduct the loss from their rental real estate activity in 2020. Therefore, the Court need not address the reasonableness of the receipts or logs and whether Mr. Foradis performed more than 750 hours of services during the taxable year in real property trades or businesses in which he materially participated.

To reflect the foregoing,

*Decision will be entered for respondent.*